UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER DOUGLAS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:14-cv-00680-TWP-MJD |
| CAROLYN COLVIN Commissioner of the Social Security Administration, | ) ) ) ) |
| Defendant. | ) |

**ENTRY ON PLAINTIFF'S MOTION TO STRIKE**

This matter is before the Court on Plaintiff Christopher Douglas's ("Mr. Douglas") Motion to Strike the Commissioner's supplement to the administrative record (Filing No. 25). On November 14, 2014, the Commissioner filed a Supplemental Certification to introduce a Supplemental Court Transcript Index ("Document 20-1") and the Documents Related to Administrative Hearing Process Including Transcript of Oral Hearing ("Document 20-2") (Filing No. 20). On December 12, 2014, Mr. Douglas filed the Motion to Strike Document 20-1, Document 20-2, and all explicit and implicit references to those documents in the Commissioner's brief. For the reasons set forth below, Plaintiff's Motion to Strike is **GRANTED**.

Mr. Douglas asks the Court to strike Document 20-1 and Document 20-2 and all explicit and implicit references to those documents in the Commissioner's Memorandum because no legal basis exists for the submission of and reliance upon those documents.[1] Mr. Douglas argues that the documents were properly excluded from the original transcript filed with the Court (Filing No. 11) because they were not part of the record and were not considered by the Administrative Law Judge ("ALJ") when he rendered his decision. Further, he contends that the Commissioner's

---

[1] Document 20-1 is merely an index page and does not contain any substantive evidence. (Filing No. 20-1.)

introduction of extra-record evidence is an improper post hoc rationalization. To support his argument, Mr. Douglas enclosed a copy of a court's entry on a motion to strike in *Belcher v. Colvin*, No. 1:14-cv-10-WLT-MJD (S.D. Ind. Nov. 26, 2014). The court in *Belcher* held that it was improper for the Commissioner to introduce a document for the first time on judicial review that was not part of the record evidence before the ALJ. *Id.*

The Commissioner, in turn, argues that the documents are not extra-record evidence and the ALJ did rely on Document 20-2 in rendering his decision. The Commissioner distinguishes *Belcher* from the issue at hand by stating that in *Belcher*, the court did not allow the use of a previous ALJ decision that had nothing to do with the plaintiff's current claim. Although admitting that the ALJ did not have before him Document 20-2, which is a Disability Determination Explanation ("DDE") assessment completed by Dr. D. Neal on September 1, 2010, the Commissioner claims that the ALJ relied on Dr. Corcoran's statements found in Exhibit 5F of the record ([Filing No. 11-7, at ECF p. 57](#)), and Dr. Corcoran simply affirmed Dr. Neal's assessment from Document 20-2. It is, therefore, the Commissioner's position that although Document 20-2 was not part of the record prior to the ALJ's decision, it is proper to supplement the record with this document on judicial review because the ALJ indirectly relied on information from Document 20-2. The Court disagrees with the Commissioner's reasoning.

Upon judicial review, "[t]he court shall have the power to enter, upon the pleadings *and transcript of the record*, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (emphasis added). Although the Court has not previously addressed this specific issue, legal precedence has established that post hoc arguments are prohibited. *See Hanson v. Colvin*, 760 F.3d 759, 762 (7th Cir. 2014). Further, statutory language makes it clear that an ALJ's

decision on the disability of the claimant must be based upon evidence in the record that was actually before the ALJ at the time of his decision. *See* 42 U.S.C. § 405(b)(1) ("[I]f a hearing is held, [the Commissioner of Social Security] shall, on the basis of evidence adduced at the hearing, affirm, modify, or reverse the Commissioner's findings of fact and such decision"); 20 C.F.R. § 416.1453(a) (When rendering its decision, "[t]he [ALJ] must base the decision on preponderance of the evidence offered at the hearing or otherwise included in the record").

There is no indication that Document 20-2 was actually part of the record before the ALJ, and the Commissioner does not cite to any authority permitting the inclusion of documents in the transcript based upon an implicit or indirect reference. In addition, the exhibit cited by the Commissioner in support of her "implicit reference" argument makes no mention of Dr. Neal's DDE assessment, thus there is no indication that the ALJ considered and relied upon Dr. Neal's assessment to conclude that Mr. Douglas could perform sedentary work. ([Filing No. 11-7, at ECF p. 57.](#)) There is also no reference to this document in the ALJ's list of exhibits attached to his opinion ([Filing No. 11-2, at ECF pp. 30-33](#)), thus making this case distinguishable from those cited by the Commissioner in which it was clear that pages of the record before the ALJ had inadvertently been omitted from the transcript filed with the district court. Because the Commissioner has not shown that Document 20-2 was actually included in the record before the ALJ, she cannot now rely upon it to support her argument that the ALJ did not commit reversible error.

For the foregoing reasons, Mr. Douglas's Motion to Strike ([Filing No. 25](#)) is **GRANTED**. The Court will not consider the supplemental transcript, and will disregard references to the document in the Commissioner's brief in its judicial review.

**SO ORDERED.**

Date: 5/27/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

J. Frank Hanley, II
jfrankhanley@jfrankhanley.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov